IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KENNETH ROSENER,<br><br>    Plaintiff,<br><br>vs.<br><br>MENARD, INC.,<br><br>    Defendant. | **8:21CV341**<br><br>**FINDINGS, RECOMMENDATION AND ORDER** |

This case is before the court on the Motion to Remand (Filing No. 9) filed by Plaintiff Kenneth Rosener ("Plaintiff").

On September 1, 2021, Defendant Menard, Inc. ("Defendant") removed this lawsuit from the District Court of Douglas County, Nebraska. (Filing No. 1). In response and by motion, Plaintiff argues that this court lacks subject matter jurisdiction and requests that this matter be remanded to state court for adjudication. (Filing No. 9). Being fully advised, the court will deny Plaintiff's motion for remand.

ANALYSIS

Removal of civil actions from state court to federal court is authorized by 28 U.S.C. § 1441(a), which provides, in relevant part, that:

> any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a); see also Mensah v. Owners Ins. Co., 951 F.3d 941, 943 (8th Cir. 2020) ("[a]n action may be removed to federal court only if the action could have been

originally filed in federal district court") (internal citation omitted). The federal district courts have original jurisdiction over questions of federal law, pursuant to 28 U.S.C. § 1331, or where there is a complete diversity of parties, pursuant to 28 U.S.C. § 1332.

Defendant removed this action citing federal diversity jurisdiction under 28 U.S.C. § 1332(a). (Filing No. 1 at CM/ECF p. 1). Diversity jurisdiction has two requirements: complete diversity of the parties, and an amount in controversy that "exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). Both parties appear to agree that the first requirement is met—all parties are diverse. The notice of removal indicates that Plaintiff is a citizen of Nebraska, and Defendant is a corporate citizen of Wisconsin. (Filing No. 1 at CM/ECF p. 1, ¶ 4). The parties disagree as to whether the amount in controversy exceeds the jurisdictional threshold.

Defendant, the removing party, bears the burden establishing the existence federal jurisdiction. See, e.g., Westerfeld v. Indep. Processing, LLC, 621 F.3d 819, 822 (8th Cir. 2010). If a plaintiff contests a defendant's asserted amount in controversy, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." Faltermeier v. FCA US, LLC, 899 F.3d 617 (8th Cir. 2018). On that standard, Defendant need only show, by a preponderance of the evidence, an arguable basis on which the fact finder "might legally conclude" that the amount in controversy exceeds $75,000. Gurrola v. Tyson Fresh Meats, Inc., 2014 WL 25594, at *2 (D. Neb. Jan. 2, 2014) (citing Bell v. Hershey Co., 557 F.3d 953, 956 (8th Cir.2009)); see also Hargis v. Access Capital Funding, LLC, 674 F.3d 783, 789 (8th Cir. 2012) ("Under the preponderance standard, the jurisdictional fact ... is not whether the damages are greater than the requisite amount, but whether a fact finder might legally conclude that they are...[.]") (citation omitted). The analysis does not ask court to calculate damages or assign with specificity a ceiling or floor to recovery of the pleaded general damages. "If access to federal district courts is to be further limited it should be done by statute

and not by court decisions that permit a district court judge to prejudge the monetary value of an unliquidated claim." Kopp v. Kopp, 280 F.3d 883, 885 (8th Cir. 2002).

Plaintiff has pleaded $11,000 in special damages (i.e., for past medical care). (Filing No. 1-1). Per the Nebraska state pleading rules, the general damages requested are not pleaded in specified amounts, Neb. Ct. R. Pldg. § 6-1108(a) (2021) ("If the recovery of money be demanded, the amount of special damages shall be stated but the amount of general damages shall not be stated"). Plaintiff demands general damages for both past and future pain and suffering, loss of enjoyment of life, and for the "inconvenience, annoyance, diminished qualify of life, and embarrassment." (Filing No. 1-1 at CM/ECF p. 3). Defendant argues that the ultimate trier of fact could legally conclude that the pleaded damages exceed $75,000. In support, Defendant cites other cases with similar injuries and damages alleged that resulted in recovery greater than the jurisdictional threshold. For example, the plaintiff in Mann v. Mobile Media, 8:07-cv-00479 (D. Neb December 13, 2007), pleaded just over $37,000 in special damages and the jury returned a verdict of $140,000. See id. at ECF Filing No. 156.

The other cases cited by Defendant support that premise, as well. (Filing No. 12 at CM/ECF pp. 4-5). Obviously, all such cases are fact specific, involving different people with varying injuries and circumstances. Here, Plaintiff may not ultimately recover more than $75,000, much less the amounts in Defendant's cited case law. However, the question before the court is not what the plaintiff will recover, but whether there is a legally cognizable basis that recovery could exceed $75,000. Hargis, 674 F.3d at 789. There is no statutory bar or common law rule implicated here that would preclude the fact finder from awarding damages in excess of the jurisdictional requirement. While the ultimate measure of damages may fall short of $75,000.00, it also may not. As such, based on a review of the relevant law, the notice of removal, and the facts pleaded, the court finds Defendant has carried its burden of showing the amount in controversy is arguably greater than $75,000.

"Once the removing party has established by a preponderance of the evidence that the jurisdictional minimum is satisfied, remand is only appropriate if the plaintiff can establish to a legal certainty that the claim is for less than the requisite amount." Bell, 557 F.3d at 956. Plaintiff has made no such showing. Indeed, Defendant invited Plaintiff to stipulate that the amount in controversy was less than $75,000 and Plaintiff, through counsel, declined. (Filing No. 12-2, 12-3). While not dispositive, Plaintiff's failure to concede that its damages do not exceed the $75,000 threshold, or to provide the court with any argument that there is a legal bar to such a recovery, undercuts his position. Plaintiff has failed to rebut Defendant's jurisdictional showing.

Thus, Plaintiff's motion should be denied, with the court retaining jurisdiction.

Accordingly,

IT THEREFORE HEREBY IS RECOMMENDED[i] to the Honorable Brian C. Buescher, United States District Judge, pursuant to 28 U.S.C. § 636(b), that the motion to remand filed by the plaintiff (Filing No. 9) be denied in its entirety.

The parties are notified that failing to file an objection to this recommendation as provided in the local rules of this court may be held to be a waiver of any right to appeal the court's adoption of the recommendation.

IT IS ORDERED:

1) Counsel for the parties shall confer and, on or before October 29, 2021, they shall jointly file a Rule 26(f) Report, a copy of which can be found at http://www.ned.uscourts.gov/forms. Unless the parties agree otherwise, Plaintiff(s) shall prepare the initial draft of the Report and then forward it to Defendant(s) for further additions or revisions.

2) On or before October 27, 2021, a party shall contact the chambers of the undersigned magistrate judge to set a conference call if:

4

      a.    One or more of the parties believes a planning conference is needed to complete the Rule 26(f) Report; or

      b.    The parties cannot agree on one or more of the deadlines identified or case progression issues raised in the Rule 26(f) Report; or

      c.    The parties are currently and actively pursuing settlement and believe preparing and filing a Rule 26(f) Report may be unnecessary.

3)    Mandatory disclosures shall be served by October 29, 2021.

Dated this 15th day of October, 2021.

                                           BY THE COURT:

                                           *s/ Cheryl R. Zwart*
                                           United States Magistrate Judge

---

[i] There is a split in court decisions over whether a magistrate judge has authority to rule on a motion to remand. Compare, Vogel v. U.S. Office Prods. Co., 258 F.3d 509, 517 (6th Cir.2001) (finding "remand motions are dispositive and, as such, can only be entered by district courts"), Williams v. Beemiller, Inc., 527 F.3d 259 (2d Cir.2008), Stefanik v. City of Holyoke, 597 F.Supp.2d 184, 185 (D.Mass.2009), and Johnson v. Tyson Fresh Meats, Inc., No. C–06–1002, 2006 WL 1004970, at *1 (N.D.Iowa Apr. 17, 2006), with White v. State Farm Mut. Auto. Ins. Co., 153 F.R.D. 639 (D.Neb.1993) (concluding remand of a case to the state court was not an Article III function and could be ordered by a magistrate judge). In Vogel, the court concluded:

> [W]e apply a functional equivalency test to see if a particular motion has the same practical effect as a recognized dispositive motion. Applying that test, ... we too find that a remand order is the functional equivalent of an order to dismiss. The practical effect of remand orders and orders to dismiss can be the same; in both, cases are permitted to proceed in state rather than federal court.

Vogel, 258 F.3d at 517. Accord First Union Mortgage Corp. v. Smith, 229 F.3d 992 (10th Cir.2000); In re U.S. Healthcare, 159 F.3d 142, 145 (3d Cir.1998); see also Meier v. Premier Wine & Spirits, Inc., 371 F.Supp.2d 239, 241–42 (E.D.N.Y.2005) (noting that "[m]ost district courts to have considered this issue have found remand to be within a magistrate judge's authority under 28 U.S.C. 636(b)(1)(A)). On the other hand, every appellate court that has weighed the issue has determined a remand to be the functional equivalent of a dispositive order, and therefore beyond a magistrate judge's authority.") (collecting cases).